Case number 23-1593 from the District of South Dakota, Sorensen v. United States. All right. Ms. Quinn, you can proceed when you're ready. Thank you. May it please the court, my name is Molly Quinn and I represent the impellant Sean Russell Sorensen. We're asking the court to reverse the order dismissing Mr. Sorensen's 2255 petition and remand for the district court to vacate his sentence and hold a new sentencing hearing without the enhancement for felony drug offenses. Mr. Sorensen was sentenced to mandatory life in prison based on two felony drug offenses, a 2002 South Dakota conviction for possession of a controlled substance and a 2008 Arizona conviction for possession of a dangerous drug. Without the enhancements his penalty range would have been ten years to life at the time. The Arizona and South Dakota statutes were overbroad and defense counsel was ineffective into failing to challenge whether they qualified as felony drug offenses. I'll start with the Arizona conviction. The Arizona conviction did not qualify as a felony drug offense. The statute was overbroad. I think that's undisputed that it covered at least two substances propylhexadrine and scopolamine and therefore it is broader than the federal definition and the statute is also indivisible as to drug type. You know you're absolutely right about everything you're saying and I have I have little doubt that if this was before the court today that that's how we would come out. The only problem is is Mathis existed but that Mathis just said you have to look at element by element and you have to do the divisibility analysis and there's just not I think what was the case it was an elder doesn't come out until two months after all of this happened and so we just have there's no case law so it would be a not I think you agree it's a novel argument as to these statutes. It's not a novel argument maybe as a matter of Mathis but it has to be statutes as novel. So what do we do with that? Well I just equivalent a little bit I would disagree that with the phraseology novel argument as to these statutes. I don't think it's a novel argument overall. I think that we don't have binding controlling precedent on these statutes saying they're over broadened. Not even binding controlling I don't know that there was precedent anywhere in the country that I could tell. We haven't found it or cited it that is true but I guess I think we'd like to kind of clarify the standard on what what makes something ineffective under Strickland and what doesn't and in the way that this court has phrased it I think that we can satisfy that which is that it was whether counsel's conduct was reasonable under prevailing professional norms and considering all the circumstances and we know that failure to raise a wholly novel claim is not ineffective or not ineffective excuse me. We know that failure to raise arguments that require resolution of unsettled legal questions is not ineffective. That's from Basham the previous one was from Anderson and we know that if there's a split of authority in state courts and circuit courts and the complete lack of eight circuit authority requiring a different course of action then that's not ineffective that's from Fields. But I don't think that to show kind of ineffective assistance of counsel under Strickland that we have to show a precise case on the exact statutes in question. But we even have we even have members of this court who still think you know who disagree about even some of the basic cases you're relying on like Ruth we've had some follow on Ruth cases and some people have written dissents or dissentals saying that that that is probably wrong and so you know I guess my point is if we're disagreeing about it and there's no controlling precedent and just it's a it's an uphill battle to say we're not you know an uphill ride to try to say that that you know a trial counsel should have raised the issue I guess. I guess I would go back to kind of the four components that show that this isn't a wholly novel claim or an unsettled legal question which is what the case law refers to. Because it does this is I feel like this categorical approach is challenging this this prong of ineffective assistance because it's one thing to say a legal premise like challenging 922 G or it's like a like a square on question that has an answer. This is an approach right like it's the categorical approach and we all know that there was case law that said it applied to a statute like this but so then you've got 50 states with however many statutes the federal government how many statutes so I think that the becomes sort of you know how granular is the issue that the lawyer has to that has to be that we have had to have ruled on and that's the challenge here at least for me. Right I agree with that framing and I disagree with the level of granularity that the district court required which was as I interpreted it hey you haven't cited binding controlling authority on the divisibility these statutes therefore you lose and I don't think that this courts precedent or standard for that prong one requires that. Because you could have statutes that are very similar right but we may be have decided on Illinois's but not Ohio's and yet they're so close so that can't really but maybe that that can't be the answer can it that it's statute by statute? If I understood the question I agree that it can't be the answer that you have to have a specific case on the particular state statute. So what so where is it between that sort of really you know tiny granularity to statute by statute in in each state's codes to sort of a general well we've got this categorical approach. Where do we land here in Sorensen's case? I think we have four things and that those I don't know where the line is in every case but I think these four things are enough in this case and that is the combination of Brown the 2010 opinion where the court applied the categorical approach to the definition of felony drug offense admittedly in a different context but it was the categorical approach and then Lou Levi Lynch the Supreme Court's 2015 opinion that talked about drug overbreadth of state statutes compared to the federal law there's nine substances in Kansas law that aren't on the federal drug schedule so that puts the particular type of claim into the minds of practitioners and then Mathis I think you mentioned Mathis earlier that it's not enough unlike this court had held before that that if there's a disjunctive statute and you committed it in a way that meets the federal definition then that's sufficient so Mathis reversed that and gave us the tools for determining divisibility and then the overbreath is based on the text of the statutes that it's looking at this drug schedule looking at that drug schedule and those four things the Brown Lou Levi Lynch the Mathis opinion and then the text of the statutes. The second one you mentioned is that is that the one where you could say or sort of suggest what Judge Kelly was asking about which is that's such a substantially similar state statute that you could that the council could read that and say gosh I maybe should do that in this case too or is that a pretty different statute because I think it's one thing if you have two statutes that are almost identical with the same sentences and Illinois does one thing and then they say oh that's not good and then you should really challenge it in Ohio. I guess I mean I think I would admittedly have a stronger case if I were here talking about a Kansas prior conviction but I'm here on Arizona and South Dakota I did look and one of the substances referred to in the Malouli opinion I don't they don't necessarily name all of them but they refer to the subsections and if you go there it is that propylhexadrine which is one of the substances on the Arizona statute so that was one of the things that made the Kansas statute overbrought in Malouli that exists on the Arizona statute so I would I think this might address your question Judge Kelly I guess we would ask the court to look to the Coleman opinion from the Seventh Circuit where the court there held and it was a divided opinion but the court there did hold that defense counsel in that case was ineffective and failing to challenge the overbreath of a prior conviction and that case was in 2014 and that was relating to Illinois cocaine priors. On Malouli real quickly one one last question that came up in the immigration context and so I wonder there are cases on this not on the categorical approach where you where we say criminal counsel is not ineffective if it arose in like making a an argument based on a different area of law so if the case comes up in immigration your average criminal reasonable criminal counsel may not know about that case because he brought he or she practices in the criminal area. I think two responses one would be that the Malouli case itself is referring to this 21 USC 801 which is where our relevant definition comes from and then I think that would bring it back within something that criminal practitioners should be expected to know and I know the government did say several cases kind of before the 2016 era that are looking at drug overbreath and I believe in a criminal context. I wanted to refer to that go back to the Coleman opinion from the Seventh Circuit and again that was a 2014 case that held it was enough at the groundwork for that argument in that case it was an isomer overbreath argument was was enough and then the argument was at least foreshadowed by the by those decisions and therefore it was ineffective for defense counsel to not even contemplate this type of challenge and in that case they did remand for an evidentiary hearing. Here there was no evidentiary hearing or really any evidence on the attorneys decisions or not decisions on this issue. The trial attorneys submitted affidavits not on the felony drug offense issue and none of the other sentencing or trial counsel did. So in Coleman the remedy in that case was a remand for an evidentiary hearing or the collection of evidence. And here there couldn't really be any reasonable strategy for this because he was facing life after the trial. I agree. I guess in fairness of the opinion did say that there might be a reason why yeah a strategic reason in that case yeah I don't think that there would be a strategic reason not to challenge a drug prior here if the stakes really couldn't have been any higher. I mean I do think that our case is stronger than that case because that was a 2014 conviction we have the 2016 conviction and really by that point Malouli and Mathis are kind of the keys to how this becomes a meritorious argument. And so if this court follows Coleman I think that it can find that defense counsel was ineffective under prong one and this was not a novel issue that nobody would have been expected to raise. Do you think that the affidavits of the sentencing counsel are they well would they have been relevant here anything that they might have said or putting aside that I can't really think of a strategic reason not to to challenge these but putting aside strategy do you think there's anything that the lawyers could have offered that would have assisted in the ineffective? I can't honestly I can't think of anything. It is just something that was different about what they did in that case they didn't complete the remedy that we've asked for here. If there are no further questions at this point I would reserve the remainder of my time. Please. Thank you. Mr. Colliner you can proceed when you're ready. Thank you your honor. Please the court my friend and colleague Miss Quinn I'm Kevin Colliner from the US Attorney's Office in South Dakota and I'm here asking this court to affirm the dismissal of the 2255 petition in this case. Your honors we the question is whether the district court erred in deciding that as of late 2017 at the very latest that counsel was constitutionally ineffective for failing to make an argument that two state convictions were invalid for a predicate 851 enhancement and I point that out because the the cases relied upon by the petitioner in this appeal are in different contexts. We talked about the Malooly case in the immigration case even Mathis is in the ACA context and I get the Judge Kelly you asked a question about the degree of granularity. Now you know the degree of granularity I would like the court to hold that that if there's not a case directly on point with regard to these particular statutes that there there's no viable 2255 defense but short of that you know what we we have or we have statements by this court about these these in cases where you had these sort of breadcrumbs portending illegal arguments so we have fields and we have the new case that's new v. United States. Those are cases where there was a split of authority so counsel was making arguments in this context but there was no governing authority and what this court said in those cases is that in fields it said well counsel failed to direct our attention to Supreme Court or Eighth Circuit authority that can be said to clearly portend the law as fields would have us state it. In other words the law as fields would have it be successful for him. In the new case new v. United States this court said that there the petitioner failed to identify any controlling authority that clearly portends that such an argument would have been successful and so that's to say that when you're making a pitch that there's these you know there's no cases directly on point about this Arizona statute or about this South Dakota statute and you're saying look we draw from these other cases that counsel should have made made it you have to be able to state that it would have been a successful argument. So I think it does call into question you know where would we be if this was on direct appeal and I think nobody can answer that question. These are complicated issues we look at the record in this case on how counsel and the courts have debated whether these are divisible or indivisible statutes. I'm not sure you're right about that I think after after our case law maybe panels would come out differently but I I just think if you've got it's a pretty easy case when you've got two substances and we're not even talking about positional versus geometric isomers but you've got literally different drugs I just don't know that that maybe in 2017 it would be in question I I grant you that I'm not so sure it'd be in question today. I'm not claiming that these this isn't an overbroad statute the question is whether it's divisible and and I think that is very much a question. What do we do about the Arizona the certifying the ninth certifying that question to to Arizona Supreme Court I mean that's now what do we do with that? Well that was after right so it's quite an indication that it was unsettled right quite an indication of unsettled or does it give us an answer I what what would happen if see that so let's say this is this is performance below the standards and and you would send it back and for resentencing what what law would the district court apply on the Arizona prior conviction? Well I think how it's turned out on the Arizona conviction after that certification hasn't been good for the claim that petitioners made right I mean it they essentially found that the adjacent statute which has a lot of similar yeah essentially the same is a divisible statute. So is that what the district court would apply then today like let's say you sentence it resentence him tomorrow? I would certainly be arguing that it's a divisible statute the court can look to the documents the documents are clear that methamphetamines was the substance to the exclusion of others. Well I guess my question is what what how persuasive is the authority from this Arizona Supreme Court on that issue? Well I mean I think that's to say that the question of the divisibility of the Arizona statute at this point in time it's fairly well decided. So that's to that goes to the prejudice prong in the sense that if it were to be sent back with the court to you know make a decision as to the divisibility I think we'd win that argument. You'd be sentencing him based on the law as it as it exists today. Oh I see what you're saying. No I don't think so. Would we apply so what what would happen like what law do you apply? If it were well I mean that would be a the question is about what the remand would be right would it be a remand to assess that question of the visibility of the Arizona statute? Because if if in fact based on our our law at the time of Mr. Sorenson's sentencing boy you know I'm just saying they let's say the Eighth Circuit boy the low way it looks that would have been not only overbroad but divisible I'm sorry indivisible. If the launch he sort of he's doubly harmed if he's has to wait until the Arizona Supreme Court has decided otherwise I mean that is that a part of the harm? Are you kind of following me? Because I think so I mean that would have been a the acrobatics we would have done if this question had been raised on direct appeal and this court had certified it. Well if we hadn't certified it yeah I just I think it's an interesting question as to whether if our if the this courts answer to that question on the Arizona conviction would be different at the time of appeal versus at the time of a post conviction resentencing. Essentially binding the court now to get it wrong in the present because I mean that's I guess that's my the way I think through it because the courts have decided that it's a statute we would have to go to the way back machine and and forget that that transpired I mean yeah I don't know the answer to that but I think it I think what it does go to is that the that shows the novelty at the time and and to the performance prong I think I think that's where this case is is decided between novelty because we kind of discussed that with Miss Quinn in terms of when we talked about the granularity but is I I'm not sure I wonder if what you're talking about still lands in the prejudice because I'm not convinced that just because the answer is unclear it's novel at least in the categorical approach where it is applied in so many instances and we do have decided Brown that was applied to federal felony drug offense so it is being applied in a number of situations but that's a different question than whether or not you'd ultimately be successful once you tried to challenge those you know and that I think goes to the question of whether that is about novelty or not goes to Judge Easterbrook's dissent in the case that we pointed out to the court the Coleman case from the Seventh Circuit sure the categorical approach has been around for a long time but the the particular argument that was made that's being made now in this case and that's being made in cases all over the about this overbreath because of you know there's a substance in the state schedule it at the time that's not in the federal schedule at the time that was just simply not an argument that was being made by counsel that's a particular species of a categorical approach case so sure at a general height high level of generality the categorical approach has been around you know at the very latest since Taylor it's an immigration context and there's that there's a Venn diagram overlap right of the drug schedules that the immigration law does certainly yeah certainly but I mean I'll point this out and you know this matter came before this court on direct appeal in 2018 and there was an argument made that the South Dakota statute was not a valid argument and in you know I want to say this very respectfully but this court did not flag this this mismatch argument at that point there was no request for further briefing there was no oral argument on that question there were no the opinion didn't talk about Malouli or Brown or the other cases in disposing of that so I mean that's to say that I think this argument is a this argument about categorical mismatches of drug schedules is a relatively new one and the the Strickland standard of course is is is a largely about providing all sorts of deference to the performance of counsel and if there's ever a case to make for that here I mean lawyers across the country were simply not looking at Malouli and frankly for a few years not even looking at Mathis and making these 851 overbreath arguments ask you this how much of it how much should we take into account that many judges and lawyers think the categorical approach is hard but then Justice Kagan says in Mathis I think she's well this is pretty easy well you know pretty easy for her maybe but not easy for all of us I mean does that play into what we should expect from a reasonable counsel and who should we follow should we follow Justice Kagan or should we follow our own our own personal experience on some of this stuff well I mean I heard an argument earlier about taking judicial notice it feels like we could all take judicial notice that the categorical approach is hard I would say to the fine justice that even in the Mathis opinion there were all sorts of examples outside of ACA there's no mention of 851 as a counsel to you know when and where to make these arguments I think this simply falls into the category of a of an argument that was novel when it was first being made it happened to catch traction some novel arguments do catch traction but I think asking you know the question of whether counsel in late October 2017 was constitutionally infirm for failing to raise this it's a very standard to meet and you know it simply can't be made on this record I do want to make a point about there's some discussion I know it's in footnotes and this probably goes without saying there's some sympathy to where mr. Sorenson sits right the first step act has changed the landscape for people in his position with these three strike offenses so he does stand here today with a life sentence that if you were sentenced today would not be a life sentence of course that's not a lane for for any of us in this room to determine whether I mean the first step act is not retroactive and that's counsel do we still begin this analysis with a strong presumption that counsel's representation was within the wide range of reasonable professional assistance yes or is that gone out the window oh no I think that's point that's part of the basic structure of the Strickland opinion so I think certainly that that's the presumption that this court takes when judging counsel's performance would you factor that strong presumption into this discussion that that we've been involved in this morning well I would say that then it becomes the petitioners burden to overcome a presumption and the way one might do that would be to point to controlling authority that you know lawyers should have looked at at the time you anticipate my next question how do you overcome the presumption and is there a case particular particularly key case that you can think of that gives us some instructions on how do we how is that presumption overcome well I mean I think it goes to this question of whether there was clearly controlling authority at the time and and I I've mentioned at the outset that you know there are cases like fields and new where there where the petitioner did come in with a there was a split of authority for you know the issue was percolating in lower courts so to speak this wasn't even an issue that was percolating in lower courts in terms of the the the argument of applying this categorical drug mismatch to 851 they're just they're simply you know wasn't those cases the lawyers weren't making those arguments especially it's certainly not regularly a little bit relevance you know I just along those lines one thing just occurred to me as an irrelevance that I think on those statutory Mathis type cases we have not made them retroactive now I understand retroactivity is a completely different deal but it kind of gets at the point you're making indirectly which is you know we can't sort of necessarily resolve every injustice you know even though an argument kind of pops up later I don't know maybe maybe it's irrelevant but it just occurred to me it strikes me as an issue for Congress you know just just like the the boundaries of the First Step Act and whether certain things are retroactive and certain things aren't weren't his two priors possessions and not even trafficking I think that's right yeah you know he was charged with multiple things but I think those were the guilty pleas that he took reason why we don't have jury instructions and things like that to look at that we might in some other cases thank you your honors I appreciate the time counsel I want to ask you kind of the same question and I would just say I really kind of appreciate your position in that as a defense attorney you're you're sort of arguing to to build up some ammunition that could be turned against against your representation someday so I understand that that's a challenge and and I appreciate that but what about the presumption and and how does that figure figure in and and in particularly this keyword strong presumption not just a presumption a strong presumption it does in cause of that does it there really have to be at the time that we're looking at a case that's just clearly on point that counsel either missed or if the if counsel saw it just didn't understand it so that that would eliminate a lot of this you know what ifs and and and maybes and could we derive from a particular case that this might be a good argument just seems to me it's got to be something really very clear that counsel has missed I do you think I'll go back to the very beginning of your question about isn't there a strong presumption that counsel's performance is reasonable yes that is true but this is not a case and judge Kelly and I were talking about this there's not really any strategic decisions here that you would presume were reasonable in kind of the the heat of trial and so that statement does apply but then you would look to I think that we should look to what this court has said about times that the government has argued in these 2255 petitions that the argument was new or novel or wholly novel whatever language is used and if you go back to that standard I think that we can fall within it and that again is that we know that something is novel if it's kind of if there was an unsettled legal question if it was a wholly novel claim I just repeated the question or if there's a split of authority and a complete lack of Eighth Circuit or Supreme Court authority and we don't have that here here we have the cases that apply to this analysis where had been decided and we're in effect at the time of the sentencing in this case at the at the very least and so I don't think that we need to have a case on point to meet that prong one of Strickland and I would just note I think I wrote this in the reply brief that that clearly controlling authority requiring a different course of action language came up in this court's opinion after the court had already said sure this was a crime of violence issue under the guidelines we're sure you could have made an that that prior conviction assault conviction was overbroad but under prevailing authority at the time which was before de compte that you would have lost and so if there's authority that you would have lost at the time then you need clearly controlling authority to require you to take a different course of action and that's just not the case here here we have all of those components we have Brown, Lulee v Lynch and particularly Mathis and I wanted to pick up on a point I disagree with Mr. Colliner's argument that this argument wasn't being regularly made at the time I think we can't just look at reported opinions to see whether arguments are being regularly made that doesn't necessarily reflect the practice that particularly with 851 enhancements unlike the ACA context which until very recently there was no discretion for anybody the 851 enhancements were something that could be negotiated around they required a notice and so there could be a lot of negotiation and careful negotiation around when a defendant would accept an 851 enhancement and so it just can't be true that if we look at reported opinions that by the time they've gone through their trial and all the way through sentencing and on appeal that start to come out in 2017-2018 range that that means that nobody was making these arguments at the time and then I think there was a question about well isn't the categorical approach hard it is but that's not the standard just because something is hard doesn't mean that it's novel or that you can't counsel can't be ineffective and that a for counsel failing to make that argument and I am out of time thank you very much thank you very much counsel case has been well argued it's submitted and we will have a decision as soon as possible you may stand aside